HUGHES, J., would grant.
GENOVESE, J., would grant in part and assigns reasons.
ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, PARISH OF ASCENSION
GENOVESE, J., would grant in part and assigns the following reasons.
I write solely to maintain the efficacy of La.Code Civ.P. art. 934 relative to sustaining a peremptory exception. In this case, both defendants filed peremptory exceptions of res judicata, which were sustained by the trial court, affirmed on appeal, and their requests for rehearing were denied. The majority herein has voted to deny this writ. I disagree in part only to the extent of not following the mandate of La.Code Civ.P. art. 934 (emphasis added), which reads in part as follows: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court."
The trial court sustained defendants' exceptions of res judicata and dismissed plaintiffs' claims with prejudice; however, there was neither a determination nor ruling by the trial court as to whether "the objection pleaded by the peremptory exception may be removed by amendment of the petition...." Id. Thus, the dismissal with prejudice is premature as La.Code Civ.P. art. 934 was not followed.
Therefore, I would grant the writ in part and remand the matter to the trial court for a ruling as to whether an amendment to the petition would or could remove the *773 objections to the petition as set forth in La.Code Civ.P. art. 934. Notwithstanding such, I would deny the writ.